IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DOROTHY E. LEWIS**,

    Plaintiff,

v.

**WELLS FARGO BANK, N.A.**, as trustee for the registered holders of structured asset securities corporation mortgage pass-through certificates, series 2007-OSI; **PHH MORTGAGE CORPORATION**, as successor by merger to Ocwen Loan Servicing, LLC; **EMILIE K. EDLING**; **HOUSER LLP**; **JUDGE CHRISTOPHER J. MARSHALL**; **JUDGE SHELLEY D. RUSSELL**; **JUDGE ERIC L. DAHLIN**; **JUDGE JUDITH H. MATARAZZO**; **THERESA M. KIDD**, as Appellate Commissioner of the Oregon Court of Appeals; **ALTISOURCE**; **ALTISOURCE ONLINE AUCTION, INC.**; **ALTISOURCE FULFILLMENT OPERATIONS, INC.**; **ALTISOURCE SOLUTIONS, INC.**; and **WILLIAM B. SHEPRO**,

    Defendants.

Case No. 3:24-cv-01932-IM

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

PAGE 1 – OPINION AND ORDER ON MOTION TO DISMISS

Dorothy E. Lewis, 5272 NE 20th Avenue, Portland, OR 97211. Pro se.

Marc Abrams, Assistant Attorney-in-Charge, Julia Taylor, Assistant Attorney General, and Ellen F. Rosenblum, Attorney General. Attorneys for Defendants Judge Christopher J. Marshall, Judge Shelley D. Russell, Judge Eric L. Dahlin, Presiding Judge Judith H. Matarazzo, and Appellate Commissioner Theresa M. Kidd. Emilie K. Edling, Houser LLP, 10260 SW Greenburg Road, Suite 400, Portland, OR 97223. Attorney for Defendants Wells Fargo Bank, N.A., PHH Mortgage Corporation, Emilie K. Edling, Houser LLP, Altisource, Altisource Online Auction, Inc., Altisource Fulfillment Operations, Inc., Altisource Solutions, Inc., and William B. Shepro.

**IMMERGUT, District Judge.**

This case arises out of eviction proceedings initiated by Defendant Wells Fargo Bank against Plaintiff Dorothy Lewis in September 2024. Plaintiff's Complaint alleges that the named defendants violated her constitutional rights and seeks relief under 42 U.S.C. § 1983.[1] ECF 1. Now before this Court is a motion to dismiss for failure to state a claim filed by Defendants Judge Christopher J. Marshall, Judge Shelley D. Russell, Judge Eric L. Dahlin, Judge Judith H. Matarazzo, and Appellate Commissioner Theresa M. Kidd (collectively, the "Judicial Defendants"), arguing that they are immune from suit for actions taken in their judicial capacity. ECF 5. For the reasons below, this Court grants the motion to dismiss.

## BACKGROUND

For purposes of the Motion to Dismiss, this Court takes the allegations of the complaint, summarized here, as true.[2] Defendant Wells Fargo Bank initiated eviction proceedings against Plaintiff. *See* Complaint, ECF 1 at 4–5. In the course of that proceeding, Plaintiff interacted with several judges of the Multnomah County Circuit Court. *See id.* at 7–9; *see also Wells Fargo*

---

[1] Plaintiff's Complaint also states that this action is brought under 28 U.S.C. §§ 1331, 1332, and 1343, and 10 U.S.C. § 921, ECF 1 at 4, but these statutes do not confer a private right of action.

[2] Because only the Judicial Defendants move to dismiss this action, this section does not summarize the allegations against the other defendants.

PAGE 2 – OPINION AND ORDER ON MOTION TO DISMISS

*Bank, N.A. v. Lewis*, No. 3:24-cv-01712-AB, 2024 WL 4764363 (D. Or. Nov. 12, 2024) (remanding the eviction lawsuit to state court). Plaintiff alleges that she first appeared before Defendant Judge Christopher J. Marshall, and that Judge Marshall refused to schedule a hearing on Plaintiff's allegation that an improper form of summons had been used to initiate the eviction proceeding. Complaint, ECF 1 at 7–8. She also states that she appeared before Defendant Judge Shelley D. Russell. *Id.* at 7. Plaintiff alleges that Judge Russell accused Plaintiff "of providing her with a false document" and improperly "solicited a new brief" from Defendant Wells Fargo Bank's attorney. *Id.* at 7. Plaintiff alleges that she requested Judge Russell's removal, but that this motion was denied, and that Defendant Appellate Commissioner Theresa M. Kidd improperly denied her an extension and dismissed her appeal of the order denying her motion. *Id.* at 8.

Plaintiff states that she then refused to appear before Judge Russell, and that Judges Russell and Marshall, as part of a "scheme" with the other Defendants, "chose Judge Eric Dahlin to replace her." *Id.* at 7. She alleges that Judge Dahlin provided insufficient notice of a hearing, lacked authority to hold a hearing, and improperly stated that he would grant a motion for sanctions if filed. *Id.* Plaintiff also alleges that Defendant Presiding Judge Judith H. Matarazzo improperly referred one of her filings to the Civil Department. *Id.* at 8–9. Plaintiff asks that this Court "take all corrective actions" within its power, *id.* at 10, which this Court will construe as a request for injunctive relief directed at the Judicial Defendants.

## STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to state a "claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, (2007). That means the "factual content . . . allows the court to draw the reasonable inference

PAGE 3 – OPINION AND ORDER ON MOTION TO DISMISS

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a plaintiff cannot "nudge the claim across the line from conceivable to plausible, the complaint must be dismissed." *Twombly*, 550 U.S. at 570 (cleaned up). At this stage, the court must accept as true all factual allegations, *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017), draw all reasonable inferences in favor of the non-moving party, *id.*, and take care to "examine the allegations of the complaint as a whole," *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021). It need not, however, credit conclusions and speculation. *Iqbal*, 556 U.S. at 679.

Because Plaintiff is proceeding pro se, this Court construes the allegations in her Complaint liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## DISCUSSION

Plaintiff's claims against the Judicial Defendants are barred by absolute judicial and quasi-judicial immunity. *See* 42 U.S.C. § 1983 (barring injunctive relief against judicial officers for their judicial conduct "unless a declaratory decree was violated or declaratory relief was unavailable"); *Munoz v. Super. Ct.*, 91 F.4th 977, 981 (9th Cir. 2024) (clarifying that the *Ex parte Young* exception does not allow injunctions against a state court judge acting in a judicial capacity); *see also Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (holding that "judges usually are immune from suits for damages based on their judicial conduct" unless acting "in the clear absence of all jurisdiction"). A party may challenge a judge's rulings only via appeal, not by suing the judges. *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007).

Plaintiff alleges that Defendant Marshall denied a motion Plaintiff filed, Defendant Russell requested briefing from a party, Judge Dahlin stated that he would grant a request for sanctions, and Presiding Judge Matarazzo directed Plaintiff's case to the Civil Department.

PAGE 4 – OPINION AND ORDER ON MOTION TO DISMISS

Complaint, ECF 1 at 7–9. These are all routine judicial acts. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to absolute judicial immunity). Plaintiff interacted with each of these Defendants in their judicial capacities, and each of the actions Plaintiff identifies are functions "normally performed by a judge." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam). The allegations in Plaintiff's complaint do not show that any of these defendants acted "in the clear absence of all jurisdiction or perform[ed] an act that [was] not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1998).

The judicial immunity inquiry focuses on "the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 13 (internal quotation marks omitted). Plaintiff's Complaint alleges that the Judicial Defendants violated various statutes, orders, and court rules. But even if true, a judge acting "in excess of jurisdiction" is still entitled to judicial immunity. *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 368–70 (9th Cir. 1981); *see Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (explaining that a judge is immune for a judicial act, even if the action taken "was in error, was done maliciously, or was in excess of his authority"). Likewise, although Plaintiff's complaint alleges that the Judicial Defendants acted in bad faith and conspired against her, judicial immunity cannot be "overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11; *see Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges . . . ."); *Sparkman*, 435 U.S. at 356–57 (explaining that judges are not liable for their judicial acts, even if "alleged to have been done maliciously or corruptly," unless the judge acted in the "clear absence of all

PAGE 5 – OPINION AND ORDER ON MOTION TO DISMISS

jurisdiction"). Defendants Marshall, Russell, Dahlin, and Matarazzo are entitled to absolute judicial immunity.³

Plaintiff alleges that Defendant Kidd violated her constitutional rights by dismissing her appeal to remove Judge Russell as motions judge. Complaint, ECF 1 at 8. Individuals who perform functions that are judicial in nature or that have a sufficiently close connection to the judicial process are entitled to quasi-judicial immunity. *See In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002); *Ashelman*, 793 F.3d at 1075 (explaining that judicial immunity extends to "those performing judge-like functions"). Defendant Kidd's dismissal of Plaintiff's appeal was "an integral part of the judicial process." *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) (quoting *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)). Performing this act requires Defendant Kidd to exercise her discretion to resolve a dispute, which is "functionally comparable" to the official duties of a judge. *Swift v. California*, 384 F.3d 1184, 1190 (9th Cir. 2004) (quoting *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) (en banc)). Although Plaintiff contends that Defendant Kidd erred in ruling on Plaintiff's motion, quasi-judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman*, 793 F.3d at 1075. Defendant Kidd is entitled to absolute quasi-judicial immunity.

Plaintiff's claims against the Judicial Defendants are dismissed without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

---

³ Because this Court concludes that all of the Judicial Defendants are entitled to absolute judicial or quasi-judicial immunity, it does not reach Defendants' alternative argument that some of Plaintiff's claims are barred by the statute of limitations.

## CONCLUSION

The Judicial Defendants' motion to dismiss, ECF 5, is GRANTED. Plaintiff's claims against these defendants are DISMISSED with prejudice.

**IT IS SO ORDERED.**

DATED this 10th day of December, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
